**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **SIERRA CLUB,** *et al.,*<br><br>    **Plaintiffs,**<br><br>    v.<br><br>**GINA MCCARTHY,** in her official capacity as Administrator of the United States Environmental Protection Agency,<br><br>    **Defendant.** | Case No.: 14-CV-05091 YGR<br>And consolidated case 14-cv-3198-YGR<br><br>**ORDER GRANTING IN PART MOTIONS AND CROSS-MOTIONS FOR SUMMARY JUDGMENT** |

Plaintiffs Sierra Club and Wild Earth Guardians ("Plaintiffs") filed a Clean Air Act citizen suit to compel Defendant Gina McCarthy, in her official capacity as Administrator of the United States Environmental Protection Agency ("EPA") to undertake mandatory duties for which statutory compliance deadlines had passed. (*Sierra Club v. McCarthy*, 14-cv-5091-YGR, complaint filed November 18, 2014 ["the '5091 Action"].)[1] Specifically, Plaintiffs sought an order

---

[1] On July 15, 2014, Plaintiff Sierra Club filed a complaint against EPA alleging in Claim 1 that Tennessee had not submitted a 110(a)(2)(D)(i)(I) element of a 2008 ozone National Ambient Air Quality Standards Infrastructure State Implementation Plan, and in Claim 2 that EPA had failed to take Final Action on the States Infrastructure State Implementation Plan Submittals for the States of Alabama, Alaska, Arizona, Colorado, Connecticut, Florida, Georgia, Idaho, Illinois, Indiana, Maryland, Mississippi, New Hampshire, North Carolina, Ohio, Oregon, Rhode Island, South Carolina, Texas, Virginia, West Virginia as required. *See* 42 U.S.C. § 7410(k)(2) - (4). (*Sierra Club v. McCarthy,* 14-cv-3198-YGR ["the '3198 Action"].)

The Court consolidated the '5091 Complaint and the '3198 Complaint for decision on May 7, 2015. (*See* Docket in '5091 Action at Dkt. No. 38.)

The parties have submitted a proposed form of Partial Consent Decree on the '3198 Action's Claim 2. (*See* Docket in '3198 Action at Dkt. No. 49.) Thus, the only remaining claim at issue in the '3198 Action is against the state of Tennessee for the identical Good Neighbor SIP violation alleged against 25 other states in the '5091 Action.

that EPA be required to fulfill certain non-discretionary duties under 42 U.S.C. section 7410(a)(2)(D)(i)(I) of the Clean Air Act ("CAA"), referred to as the "Good Neighbor" provisions, with respect to the states of Arkansas, California, Connecticut, Georgia, Iowa, Illinois, Kansas, Massachusetts, Maine, Michigan, Minnesota, Missouri, New Hampshire, New Mexico, Oklahoma, Pennsylvania, Rhode Island, South Carolina, Virginia, Washington, and West Virginia.

On January 16, 2015, in the '5091 Action, Plaintiffs filed a Motion for Summary Judgment, seeking entry of an order declaring that EPA had failed to make the required finding of failure to submit a Good Neighbor State Implementation Plan (or "SIP") for the 2008 ozone National Ambient Air Quality Standard ("NAAQS"), and order EPA to do so within thirty days. ('5091 Action, Dkt. No. 21.) Previously, on January 5, 2015, Plaintiff Sierra Club had moved for summary judgment in the now-related and consolidated '3198 Action on Claim 1 therein, seeking the identical relief with respect to the state of Tennessee. ('3198 Action, Dkt. No. 35.) EPA, in its cross-motion and response to those motions, conceded liability but argued that it would need ninety days to comply with those mandatory duties.

Having carefully considered the arguments and papers submitted, and in light of the parties' substantial agreement as to the facts herein, the Court finds that there is no triable issue of material fact and **GRANTS IN PART** Plaintiffs' motion for summary judgment in the '5091 Action and in the '3198 Action and **ORDERS** that EPA comply with its statutory obligations under 42 U.S.C. section 7410(a)(2)(D)(i)(I) with respect to the states of Arkansas, California, Connecticut, Georgia, Iowa, Illinois, Kansas, Massachusetts, Maine, Michigan, Minnesota, Missouri, New Hampshire, New Mexico, Oklahoma, Pennsylvania, Rhode Island, South Carolina, Tennessee, Virginia, Washington, and West Virginia no later than **June 30, 2015.**

## I. STATUTORY OVERVIEW OF THE CLEAN AIR ACT

Under the CAA, EPA is required to set the NAAQS for certain pollutants, including ozone. 42 U.S.C. § 7409(a). Within three years of promulgating the ozone NAAQS, the CAA requires each state to submit a SIP that provides for the "implementation, maintenance, and enforcement" of the standard. 42 U.S.C. § 7410(a)(1). Each SIP is required to contain a "Good Neighbor" provision, which prohibits the state from emitting air pollutants which will contribute significantly to nonattainment, or interference with maintenance in other states. 42 U.S.C. § 7410(a)(2)(D)(i)(I). The CAA requires EPA to determine whether each SIP submitted is administratively complete. 42 U.S.C. § 7410(k)(1)(B).

## II. FACTUAL BACKGROUND

EPA promulgated a NAAQS for ozone on March 12, 2008. 73 Fed. Reg. 16436 (Mar. 27, 2008). Each state was required to submit its SIP for the 2008 ozone NAAQS by March 12, 2011. 42 U.S.C. § 7410(a)(1). For states that failed to meet that deadline, EPA was required to issue a notice of failure to submit by the September 12, 2011.

On October 17, 2012, this Court found that EPA failed to meet that deadline in violation of its nondiscretionary duties under the CAA. *WildEarth Guardians v. Jackson*, No. 11-CV-05651-YGR, Order Granting In Part Plaintiffs' Motion for Summary Judgment, and Granting Defendant's Cross-Motion for Summary Judgment, Dkt. No. 64 (Oct. 17, 2012). The Court also found that, for certain states which submitted an SIP after the deadline, EPA had failed to take final action by approving in full, disapproving in full, or approving in part and disapproving in part, within the time required by statute. *Id. citing* 42 U.S.C. § 7410(k)(2),(3). Therefore, this Court required EPA to issue findings that certain states had failed to submit SIPs for the 2008 ozone National Ambient Air Quality Standard by no later than January 4, 2013.

3

On January 4, 2013, pursuant to this Court's order, EPA issued a finding that numerous states had failed to submit 2008 ozone SIPs except as to the "Good Neighbor" provisions found in 42 U.S.C. § 7410(a)(2)(D)(i)(I). Findings of Failure To Submit a Complete State Implementation Plan, 78 Fed. Reg. 2882 (Jan. 15, 2013). EPA declined to make findings of failure to submit on the Good Neighbor provisions in reliance on its interpretation of the D.C. Circuit's decision in *EME Homer City Generation v. EPA*, 696 F.3d 7, 31 (D.C. Cir. 2012), concluding that "a SIP cannot be deemed to lack a required submission or deemed deficient for failure to meet the 110(a)(2)(D)(i)(I) obligation until after the EPA quantifies that obligation." Findings of Failure To Submit a Complete State Implementation Plan, 78 Fed. Reg. at 2884.

Since then, the Supreme Court reversed the D.C. Circuit decision in *Homer City*, holding that the plain language of the Clean Air Act mandated that states submit Good Neighbor provisions within three years of EPA promulgating a NAAQS, and that EPA need not undertake any action to trigger this obligation. *E.P.A. v. EME Homer City Generation, L.P.*, 134 S. Ct. 1584, 1600 (2014). In light of the *Homer City* opinion, on August 1, 2014, the D.C. Circuit vacated EPA's January 4, 2013 determination that it need not address the Good Neighbor provisions, and remanded the matter to EPA for further consideration. *See Maryland v. EPA*, 13–1070, Order, Dkt. No. 1505606, at 1 (D.C. Cir. Aug 1, 2014). Subsequent to the D.C. Circuit's vacating EPA's January 4, 2013 determination, EPA has done nothing to cure its failure to address its Good Neighbor provision duties, despite requests for action by Sierra Club, Environmental Defense Fund, the States of Maryland, Connecticut, and Delaware, and the District of Columbia.

The following states have not submitted Good Neighbor provisions in compliance with section 110(a)(2)(D)(i)(I) of the Clean Air Act, 42 U.S.C. § 7410(a)(2)(D)(i)(I), for the 2008 ozone NAAQS: Alabama, Arkansas, California, Connecticut, Florida, Georgia, Iowa, Illinois, Kansas,

4

Massachusetts, Maine, Michigan, Minnesota, Mississippi, Missouri, New Hampshire, New Mexico, North Carolina, Oklahoma, Pennsylvania, Rhode Island, South Carolina, Tennessee, Virginia, Washington, and West Virginia.  EPA has not issued a finding of failure to submit a completed SIP as required under the CAA for any of these states.

### III.   LEGAL STANDARD

Summary judgment is proper where there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).

When an agency fails to meet its statutorily mandated deadline, the district court has broad discretion to fashion an equitable remedy.  *Alaska Ctr. for Env't v. Browner*, 20 F.3d 981, 986 (9th Cir. 1994) (recognizing that "to bring about any progress toward achieving the congressional objectives of the [Clean Water Act], the EPA would have to be directed to take specific steps").  The court's discretion is guided by Congress' express intent.  *See Delaney v. EPA*, 898 F.2d 687, 695 (9th Cir. 1990) (disapproving of the extensions EPA gave to delinquent nonattainment areas to attain NAAQS because it contradicted Congress' intent to achieve the NAAQS "as soon as possible"); *Sierra Club v. Thomas*, 658 F. Supp. 165, 172 (N.D. Cal. 1987) ("[I]f the statutory deadline has passed by the time the court issues its decree, the EPA remains obligated to issue regulations within the time frame mandated by Congress.").

The agency bears a heavy burden to show that such a statutory deadline cannot be met.  *Alabama Power Co. v. Costle*, 636 F.2d 323, 359 (D.C. Cir. 1979).  Mere apprehension that the agency cannot meet a deadline is not enough.  *Id.*  The agency can prove that a deadline is infeasible by demonstrating either: (1) the "budgetary" and "manpower" demands required are "beyond the agency's capacity or would unduly jeopardize the implementation of other essential programs"; or (2) and agency's need to have more time to sufficiently evaluate complex, technical

problems. *Natural Res. Def. Council v. Train*, 510 F.2d 692, 712 (D.C. Cir. 1974) (providing the possibility of an extension subsequent to the court-ordered deadline).

## IV.   DISCUSSION

All parties agree that summary judgment is appropriate because there is no genuine dispute of material fact. EPA does not dispute Plaintiffs' allegations that the requirements of the Good Neighbor provision are non-discretionary, and that EPA has not issued the required failure to submit findings as to the identified states' SIPs. The only issue remaining for decision is what deadline the Court will impose for EPA's compliance with its mandatory duty. Plaintiffs request a thirty-day deadline and EPA requests a ninety-day deadline.

Plaintiffs argue that thirty days is appropriate for two main reasons: (1) making the failure to submit finding is a simple, rote task that does not involve any technical or policy judgments; and (2) EPA has been on notice that these findings are required since the *EME Homer* decision. EPA requests ninety days from the Court's order to comply with the statutory requirements. EPA argues that a thirty-day deadline is infeasible because of other competing obligations that prevent it from streamlining the failure to submit findings. EPA claims that its other priorities include: (1) seventy-eight upcoming air program projects listed on EPA's Regulatory Agenda; (2) thirty-nine other deadlines; (3) a heavy workload related to its review and action on SIP submissions; (4) defending the Cross-State Air Pollution Rule (the "Transport Rule"); and (5) responding to approximately sixty pending administrative petitions for reconsideration requesting that EPA reconsider numerous aspects of the Transport Rule. (Defendant's Oppo. at 8–10.)

The Court finds that it is reasonable for EPA to issue its failure to submit findings for the incomplete SIPs no later than June 30, 2015. Under the CAA, EPA must determine if the submitted SIP is administratively complete within 60 days. 42 U.S.C. § 7410(k)(1)(B) ("Within 60

days of the Administrator's receipt of a plan or plan revision . . . the Administrator shall determine whether the minimum criteria . . . have been met."). Moreover, EPA has known for quite some time which states failed to comply with the Good Neighbor provisions. EPA's argument that 90 days is the "most expeditious schedule under which EPA could sign a notice of making findings for failure to submit," is belied by the fact that it has known that this action was required for over *nine months*. In this case EPA admits liability and offers no reason for its inaction. Accordingly, it is appropriate to require both expeditious and reasonable attention to this matter.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that Plaintiffs' Motion for Summary Judgment and Defendant's Cross-Motion for Summary Judgment are **GRANTED IN PART** and **DENIED IN PART.** Defendant EPA shall issue its failure to submit findings for the above mentioned twenty-five states that have failed to include a Good Neighbor provisions for the 2008 ozone NAAQS in their SIPs by **June 30, 2015.**

No later than **May 14, 2015**, the parties shall submit a proposed form of judgment for the consolidated actions which addresses and incorporates *both* the June 30, 2015 deadline for compliance on the failure to submit 2008 ozone NAAQS Good Neighbor provisions decided herein, and the terms of the Partial Consent Decree submitted on April 22, 2015, in the '3198 Action ('3198 Action at Dkt. No. 49) in a single form of judgment covering all claims.

This terminates Docket No. 21.

**IT IS SO ORDERED**.

Date: May 7, 2015

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**